# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEVIN NEHRU THOMAS,

        Defendant-Appellant.

UNPUBLISHED
June 30, 2016

No. 326381
Wayne Circuit Court
LC No. 14-005972-FC;
        14-007043-FC

Before: METER, P.J., and SHAPIRO and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his guilty plea convictions of six counts of first-degree criminal sexual conduct, MCL 750.520b. Defendant's minimum sentence guideline range was 135 to 225 months; however, the trial court departed upward and sentenced defendant to 40 to 60 years' imprisonment for each conviction. On appeal, defendant asserts that he is entitled to resentencing because the trial court failed to articulate substantial and compelling reasons for its departure. In light of our decision in *People v Steanhouse*, 313 Mich App 1; ___ NW2d ___ (2015), we remand for *Crosby*[2] proceedings consistent with this opinion.

In *People v Lockridge*, 498 Mich 358, 364-365; 870 NW2d 502 (2015) our Supreme Court struck down the requirement "that a sentencing court that departs from the applicable guidelines range must articulate a substantial and compelling reason for that departure." Instead, "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id.* at 392. Consequently, we need not review defendant's argument that the trial court lacked substantial and compelling reasons to justify its upward departure. See *id*; *Steanhouse*, 313 Mich App 42 n 16.

---

[1] *People v Thomas*, unpublished order of the Court of Appeals, entered April 27, 2015 (Docket No. 326381).

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

*Lockridge* did not provide a test to determine what constitutes a reasonable sentence. However, in *Steanhouse*, we concluded that the reasonableness of a defendant's sentence was to be determined by the proportionality principles set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *Steanhouse*, 313 Mich App at 46-48. In *Steanhouse*, we remanded for *Crosby* proceedings because the sentencing court "was unaware of, and not expressly bound by, a reasonableness standard rooted in the *Milbourn* principle of proportionality at the time of sentencing." *Id*. at 48. In this case, the trial court sentenced defendant before the decisions in *Lockridge* and *Steanhouse* were decided. As such, the court in this case, like the court in *Steanhouse*, was also unaware of and unbound by the reasonableness test articulated in *Steanhouse*. We therefore conclude that defendant is entitled to a *Crosby* remand to determine whether the trial court would have imposed a materially different sentence under the new sentencing regime. See *id*. The specific procedures to be followed on remand were summarized in *Lockridge* as follows:

> [O]n a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present . . . if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the circumstances existing at the time of the original sentence. [*Lockridge*, 498 Mich at 398 (internal quotation marks and citation omitted).][3]

---

[3] Defendant argues that this case should be assigned to a different trial court judge. However, this issue is moot because the original sentencing judge is now retired. Thus, defendant's proceedings on remand will necessarily be before a different judge. See *People v Coones*, 216 Mich App 721, 730; 550 NW2d 600 (1996).

Defendant also briefly notes that the trial court failed to rule on his objections to the scoring of offense variable (OV) 10 (exploitation of a vulnerable victim), MCL 777.40, and OV 13 (continuing pattern of criminal behavior), MCL 777.43; however, he does not present any argument on appeal as to whether the scoring for these OVs was in fact improper. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). As such we decline to review these issues.

Remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.


/s/ Patrick M. Meter
/s/ Douglas B. Shapiro
/s/ Colleen A. O'Brien